UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Moises Rivera,** | : | |
| **Plaintiff** | : | |
| v. | : | |
| **Owens, Renz & Lee Co., Inc.,** | : | December 7, 2021 |
| **Defendants** | : | |

**COMPLAINT**

**I.   INTRODUCTION**

1. The plaintiff, Moises Rivera, brings this action alleging that his former employer, defendant Owens, Renz & Lee Co., Inc. terminated his employment after sixteen years of good and loyal service on account of his age, in violation of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621, *et seq.*, and the age discrimination provisions of the Connecticut Fair Employment Practices Act (CFEPA), Conn.Gen.Stat. §46a-60, *et seq*. The plaintiff seeks as his damages reinstatement, lost wages and benefits of employment, double or liquidated damages pursuant to the ADEA, compensatory damages including for his pain, suffering, and emotional distress pursuant to CFEPA, and an award of his reasonable costs and attorney's fees.

**II.   JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to his claim occurred within this judicial district.

### III.     ADMINISTRATIVE PROCEEDINGS

4.      On or about December 29, 2020, the plaintiff timely filed a complaint alleging age discrimination in employment by the defendant in violation of Connecticut and federal law with the Connecticut Commission on Human Rights and Opportunities and the U.S. Equal Employment Opportunity Commission.

5.      On September 22, 2021, the Connecticut Commission on Human Rights and Opportunities issued a Release of Jurisdiction for the plaintiff's claims filed with the CHRO.

6.      On September 30, 2021, the U.S. Equal Employment Opportunities Commission issued a Dismissal and Notice of Rights for the plaintiff's claims filed with the EEOC.

### IV.     PARTIES

7.      The plaintiff, Moises Rivera, is a person residing at 17 Quaker Road, Hamden, Connecticut 06517.

8.      The plaintiff's date of birth is October 25, 1966. At the time the defendant terminated his employment the plaintiff was 54 years old. At all times relevant to the Complaint, the plaintiff was an employee of the defendant's within the meaning of 29 U.S.C. §630(f) and Conn.Gen.Stat. §46a-51(9).

9.      The defendant, Owens, Renz & Lee Co, Inc., is a Connecticut corporation with its headquarters at 2 Summit Place, Branford, Connecticut 06405.

10.     The defendant is in the property management business and it employs more than twenty (20) employees. At all times relevant to the Complaint, the defendant was an employer of the plaintiff within the meaning of 29 U.S.C. §630(b) and Conn.Gen.Stat. §46a-51(10).

V.    **FACTS**

11.    The defendant hired the plaintiff on or about May 3, 2004, and employed him until on or about September 25, 2020, at University Towers, 100 York Street, New Haven, Connecticut.

12.    The defendant hired the plaintiff for the position of Porter. The defendant promoted the plaintiff to Maintenance Tech in January 2005, and he continued in that position until his termination.

13.    Over the course of the plaintiff's employment the defendant consistently ranked him as "above average" in performance evaluations.

14.    From January 2006 through January 2019, the defendant gave the plaintiff wage increases each year because of his good performance.

15.    For more than sixteen years, from the plaintiff's date of hire until on or about August 18, 2020, the defendant never generated any written criticism of his performance or took any disciplinary action against him.

16.    On or about August 18, 2020, the defendant gave the plaintiff a written warning and placed him on a 30 day performance improvement plan.

17.    The defendant claims that gave the plaintiff a written warning and placed him on a 30 day performance improvement plan because on August 13, 2019, plaintiff's supervisor had told him to use a water hose to water shrubs, but the plaintiff was observed using a water bucket instead.

18.    Although defendant's personnel file shows that the plaintiff had a spotless work record for more than sixteen years, between August 18 and September 21, the defendant made a record of what it claimed were seven other offenses by the plaintiff.

19. The defendant's write-ups and disciplinary action against the plaintiff were for reasons that were exaggerated and/or false.

20. On or about September 25, 2020, the defendant fired the plaintiff.

21. After the defendant fired the plaintiff, more than sixty residents of University Towers signed a letter expressing support for the plaintiff and stating that "Everyone agrees that his treatment was inappropriate and contrary to the values of University Towers."

22. The defendant's explanation that it disciplined and terminated the plaintiff because of alleged performance issues is false and is intended to conceal the defendant's real reason for firing the plaintiff, which is the defendant's animus toward him because of his age.

23. As a result of the defendant's unlawful conduct in terminating the plaintiff he has suffered and continues to suffer lost wages and benefits of employment.

**VI.   COUNT ONE: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §621, *et seq.***

1. The plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1 through 23, above.

24. The defendant's conduct as described above is in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621, *et seq*.

25. The defendant's decision to terminate the plaintiff was made with knowledge or with recklessness that its conduct violated the ADEA.

26. In addition to any award to the plaintiff of his lost wages and benefits of employment, the plaintiff requests that the Court award him an additional equal amount as liquidated damages.

## VII.    COUNT TWO: VIOLATION OF THE AGE DISCRIMINATION PROVISION OF THE CONNECTICUT UNFAIR PRACTICES ACT, CONN.GEN.STAT. §46A-60 *et seq.*

1. The plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1 through 23, above.

24. The defendant's conduct as described above is in violation of the age discrimination provision of the Connecticut Unfair Practices Act, Conn.Gen.Stat. §46a-60, *et seq*.

25. This action is brought pursuant to Conn.Gen.Stat. §46a-100, *et seq.*

26. As a result of the defendant's unlawful conduct in terminating the plaintiff's employment, the plaintiff has experienced and continues to experience pain, suffering, and emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff seeks as his remedies:

1. Reinstate the plaintiff to his former position, with rate of pay, benefits, and seniority such as he would have achieved but for the defendant's discriminatory conduct;

2. Award the plaintiff his economic damages, including back pay and the value of lost benefits suffered on account of the termination of his employment;

3. Award the plaintiff liquidated damages in an amount equal to his economic damages as described above, pursuant to 29 U.S.C. 626(b);

4. Award the plaintiff compensatory damages, including for his pain, suffering, and emotional distress, pursuant to Conn.Gen.Stat. §46a-100;

5. Award the plaintiff his reasonable attorney's fees and costs, pursuant to 29 U.S.C. §626(b), and Conn.Gen.Stat. 46a-100; and

6. Award such other relief as the Court may deem appropriate.

**REQUEST FOR A JURY TRIAL**

  The plaintiff respectfully requests a jury trial as to all of his claims to the extent that he is entitled by law.

               RESPECTFULLY SUBMITTED
               MOISES RIVERA,
               THE PLAINTIFF, by

               _/ s / Peter Goselin_
               Peter Goselin ct06074
               The Law Office of Peter Goselin
               557 Prospect Avenue, 2nd Floor
               Hartford, Connecticut 06105
               Tel. 860-580-9675
               Fax 860-232-7818
               pdgoselin@gmail.com